# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:14-cv-00288-MR-DLH

| | |
|---|---|
| CATHERINE DIEHL, ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| WILLIAM K. DIEHL, JR., ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 24] and the Defendant's Rule 56(d) Motion [Doc. 28].

The Plaintiff commenced this action on June 3, 2014, alleging that the Defendant had breached a Contract of Separation and Property Settlement Agreement that the parties had executed in August 2004. [Doc. 1]. The Defendant has denied liability, asserting various defenses as well as a counterclaim to recover all payments to the Plaintiff under the Agreement. [Doc. 11]. The Court entered a Pretrial Order and Case Management Plan on September 9, 2014, which established a discovery deadline of May 1, 2015; a mediation deadline of May 15, 2015; and a motions deadline of June

1, 2015. [Doc. 18]. The Plaintiff subsequently filed her pending Motion for Summary Judgment on February 19, 2015. [Doc. 24]. The Defendant now moves the Court pursuant to Rule 56(d) of the Federal Rules of Civil Procedure to delay consideration of the Plaintiff's Motion until after the expiration of the discovery deadline. [Doc. 28].

Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The decision to grant relief under Rule 56(d) is a matter within the discretion of the Court. See McCray v. Maryland Dep't of Transp., 741 F.3d 480, 483 (4th Cir. 2014) (reviewing district court's Rule 56(d) ruling for abuse of discretion).

In the present case, the discovery period has not yet closed, and the Defendant has not yet exhausted his efforts to complete discovery regarding issues critical to the case, including whether (and, if so, when) the Plaintiff

2

became married to another under the common law of South Carolina.  Under these circumstances, the Court concludes that deferring the consideration of any summary judgment motion until after the discovery deadline passes would enable this Court to rule on a fuller evidentiary record and also allow the parties to participate in mediation before the Court addresses any potentially dispositive motions.  For these reasons, the Court will grant the Defendant's Rule 56(d) motion and deny the Plaintiff's summary judgment motion without prejudice to refiling after the close of discovery.

**IT IS, THEREFORE, ORDERED** that the Defendant's Rule 56(d) Motion [Doc. 28] is **GRANTED**, and the Plaintiff's Motion for Summary Judgment [Doc. 24] is **DENIED WITHOUT PREJUDICE** to refiling after the close of the discovery period.

**IT IS SO ORDERED.**  Signed: March 25, 2015

Martin Reidinger
United States District Judge