IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14 CV 288

CATHERINE DIEHL,            )
                            )
    Plaintiff               )
                            )     **ORDER**
v                           )
                            )
WILLIAM K. DIEHL, JR.,      )
                            )
    Defendant.              )

**THIS MATTER** is before the pursuant to Plaintiff's Motion to Compel (#20) and Plaintiff's Motion to Enforce Subpoena Duces Tecum (#21). The Defendant acting *pro se*, responded to the Motion to Compel and acting as attorney for the parties subject to the subpoenas, that being James, McElroy & Diehl, P.A. and Scharf Pera & Co., PLLC, responded to the motions (#25). The undersigned held a hearing in regard to the motions on March 27, 2015 and now enters the following Order.

### I.  Background

Plaintiff filed a Complaint (#1) on June 3, 2014 alleging causes of action for specific performance and breach of contract against Defendant. Plaintiff alleges Defendant has failed to comply with the terms of the Contract of Separation and Property Settlement Agreement dated August 20, 2004 entered into between the Plaintiff and Defendant (#1-1). Defendant filed Amended Motions, Answer,

1

Affirmative Defenses and Counterclaim (#11). In the Counterclaim, Defendant alleges Plaintiff breached the separation agreement and prayed for damages as a result of that alleged breach. Plaintiff filed a reply (#16) to the Counterclaim on August 15, 2014 denying Defendant's allegations.

**Discovery – <u>Interrogatories and Request to Produce</u>**

After the Court entered a Pretrial Order and Case Management Plan (#18), Plaintiff, on October 8, 2014, served interrogatories and request for production of documents on Defendant (#20-2, p. 2 & #20-2, p. 11). Included as an interrogatory was the following:

"(11). Please describe your annual salary and bonuses received from August 2004 to the present"; (#20-2, p. 8)

Included in the request for production of documents (#20-2, p. 11) is the following request:

"(10). Any and all documents, including pay stubs, cancelled checks, and annual reports that sets forth your annual salary and bonuses since August 2004". (#20-2, p. 15)

Defendant responded to the interrogatories and request for production of documents with the following identical response: "Objection, the request is over broad and completely impertinent. There is no contention that Defendant has not paid Plaintiff every penny that Plaintiff could contend is due prior to October 2013."

(#20-3, pp. 5 & 11)

In a letter sent to Defendant dated January 16, 2015, Plaintiff's counsel narrowed the interrogatory and the request to produce to the period of 2011 through 2014. (#20-4, p. 2) Defendant did not respond to Plaintiff's counsel's letter.

**Subpoena *Duces Tecum***

On October 2, 2014, Plaintiff issued a subpoena duces tecum to James, McElroy & Diehl, P.A. (#21-2, p. 4) which is the employer of Defendant and is a law firm of which Defendant is a partner. In this subpoena, Plaintiff commands the law firm to produce: "Any and all pay records for William K. Diehl, Jr. for the past ten (10) years; including, but not limited to salary, bonuses, 401K retirement plans and raises." (#21-2, p. 4) On that same date, Plaintiff issued a subpoena *duces tecum* to Scharf Pera & Co., PLLC (#21-3, p. 4) which is an accounting firm. The subpoena commanded the accounting firm to produce, "any tax returns prepared by your company for William K. Diehl, Jr. for the past ten (10) years." (#21-3, p. 4)

Defendant, now acting as attorney for the law firm and accounting firm, presented objections to the subpoenas. (#21-4, p. 2, #21-5, p. 2) In the objections, the law firm and the accounting firm object to the subpoenas for the reason that: "(1) The place of production is outside of the Western District of North Carolina; (2) The subpoenas are oppressive, unreasonable and burdensome; (3) The time for which the materials are sought is irrelevant and immaterial". (#21-4, p. 3, #21-5, p. 3)

In response, Plaintiff issued new subpoenas to the law firm and the accounting firm on October 13, 2014. In the new subpoenas to the law firm, the Plaintiff subpoenas: "production of any and all pay records for William K. Diehl, Jr. for 2011, 2012 and 2013, including, but not limited to salary, bonuses, 401K retirement plans and raises." (#21-6, p. 4) In the subpoena to the accounting firm, Plaintiff subpoenas: "any tax returns prepared by your company for William K. Diehl, Jr. for 2011, 2012 and 2013." (#21-7, p. 4) The place of production for both subpoenas was changed to Plaintiff's law firm in Charlotte, North Carolina which is within the Western District of North Carolina. Defendant, acting as attorney for the law firm and the accounting firm, again objected to the subpoenas contending that: "(1) the subpoenas are over reaching, overbroad, and seek information irrelevant to the dispute and; (2) the time for which the materials are sought prior to 2013 is irrelevant and immaterial." (#21-10, p. 3, #21-11, p. 3)

Plaintiff's counsel attempted to resolve the issues regarding the interrogatory, request for production of documents and the subpoenas by letter dated January 16, 2015. (# 21-12) Defendant did not respond either on behalf of himself, as attorney for the law firm or as attorney for the accounting firm.

**II. Analysis**

**(a) The Interrogatory and Request for Production of Documents**

Generally speaking, parties are entitled to discovery regarding any non-

privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit … have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc. 270 F.R.D. 238, 241 (E.D.N.C. 2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag. J.).

In his response (#25) and in oral argument, Defendant contended the information requested in the interrogatory and request for production of documents was not relevant to any claim or defense. The Court finds that such information, limited to the period from 2011 to 2014, is relevant to the Plaintiff's causes of action and to the Defendant's Counterclaim.

The information would be relevant to insure that Defendant, during the period of time covered by the statute of limitations, did comply with the terms and

conditions of the Separation Agreement. The information could also be relevant to the period after Defendant admittedly declined to make further payments to Plaintiff as provided in the Separation Agreement. Defendant argued he had agreed to provide the requested records for 2013 and 2014 but he further admitted as of the date of hearing of March 27, 2015, Defendant had not, in fact, provided such records. The relevance of the 2013 and 2014 records is self-evident.

Further, the records sought for the period from 2011 to 2014 have relevance in regard to the Counterclaim presented by Defendant. No information or testimony could be more relevant or material to the issue presented by Defendant's Counterclaim than those which Defendant could use to prove or substantiate his damages. The evidence sought by Plaintiff in the interrogatory and request for production of documents is exactly the same evidence Defendant will need to produce to prove and substantiate his damages. As a result, the Motion to Compel (#20) will be granted subject to a protective order directing that Plaintiff's counsel may show the answer to the interrogatory and the request for production of documents to Plaintiff, but Plaintiff's counsel is not to provide copies of the documents to her. Plaintiff's counsel is further not to disclose the documents to any other person and is to return them to Defendant at the close of this litigation.

Where a motion to compel is granted, Rule 37(a)(5)(A) of the Fed. R. Civ. P. provides as follows:

**(5) Payment of Expenses; Protective Orders.**
**(A)** <u>If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)</u>. If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

**(C)** <u>If the Motion is Granted in Part and Denied in Part</u>. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. Rule 37(a)(5)(A)& (C)

The Court must apply Rule 37(a)(5)(A) and then look to Rule 37(a)(5)(C) and determine if the expenses, if any are allowed, should be apportioned. Citing former Rule 37(a)(4)(C) which was replaced by new Rule 37(a)(5)(A) in <u>Cotter v. Prudential Financial</u>, 2007 WL 38696 (N.D.WV.) the Court stated:

Although Rule 37(a)(4)(C) does not contain the same inquiry regarding substantial justification and other circumstances as Rule 37(a)(4)(A), courts interpreting Rule 37(a)(4)(C) have applied the inquires of Rule 37(a)(4)(A). In <u>Mitchell v. AMTRACK</u>, 217 F.R.D. 53, 55 (D.D.C. 2003), the court noted that where a discovery motion is granted in part and denied in part, Rule 37(a)(4)(C) applies. The court went on to state that "The party compelled can, however, escape liability by establishing that its resistance to the discovery was substantially

7

justified." *Id.* The court cited Rule 37(a)(4)(A). *Id.* A similar finding was made in <u>Lohrenz v. Donnelly</u>, 187 F.R.D. 1, 10 (D.D.C. 1999). After determining that Rule 37(a)(4)(C) applied, the court found that "As the court interprets the Rules, however, it may refuse to apportion these expenses if it makes a finding of substantial justification as to any party's position or if 'other circumstances make an award of expenses unjust.' *Id.* (Quoting Fed.R.Civ.P. 37(a)(4)(A); (B)). The court in <u>Coleman v. Dydula</u>, 175 F.R.D. 177, 180 (W.D.N.Y. 1997) cited Rule 37(a)(4)(A) and noted Rule 37(a)(4)(C). It then stated that "Thus, unless some special circumstance exist, the losing party can avoid paying expenses only if his or her actions were substantially justified." *Id.* Other courts have also held the substantial justification and other circumstances inquiries of Rule 37(a)(4)(A) apply to Rule 37(a)(4)(C). See <u>McCoo v. Denny's, Inc., 192</u> F.R.D. 675, 696 (D.Kan. 2000); <u>Poole v. Textron, Inc.</u>, 192 F.R.D. 494, 498 (D.Md. 2000); <u>Smith v. Conway Org., Inc.</u>, 154 F.R.D. 73, 78 (S.D.N.Y. 1994)

<u>Cotter v. Prudential Financial</u>, 2007 WL 38696 (N.D.WV. 2007)

In this case, the undersigned has granted the Plaintiff's Motion to Compel in full and the undersigned is not required to consider apportionment under Rule 37(a)(5)(C).

The undersigned finds that the Motion to Compel was filed by Plaintiff after making a good faith effort to obtain discovery sought in this case without Court order. The Plaintiff has shown in her brief in support of the Motion to Compel, that pursuant to Rule 37(a)(5)(A) and LCvR 7.1(A), Plaintiff's counsel wrote a letter to Defendant in an effort to avoid filing the Motion to Compel but received no response from Defendant. (#20-4, p. 2, #20, p. 2)

The Defendant's nondisclosure and objections to the Plaintiff's request for

discovery were not substantially justified.

> In <u>Bryte v. American Household, Inc.</u>, 142 Fed. Appx. 699, 703 (4th Cir. 2005), the Fourth Circuit held that the definition of substantial justification enunciated by the Supreme Court in <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988), which was a Social Security case, also applies to the definition of substantial justification in Rule 37. Other circuits had previously held likewise. See <u>Doe v. Lexington-Fayette Urban County Gov't</u>, 407 F.3d 755, 765 (6th Cir. 2005); <u>Pan Am. Grain Mfg. Co., Inc. v. P.R. Ports Auth</u>, 295 F.3d 108, 116 (1st Cir. 2002); <u>Maddow v. Proctor & Gamble Co., Inc.</u> 107 F.3d 846, 853 (11th Cir. 1097). The Pierce court found to be substantially justified means a party is "justified to a degree that could satisfy a reasonable person." <u>Pierce</u>, 487 U.S. at 565. The standard is "satisfied there is a 'genuine dispute'" *Id.*

<u>Cotter v. Prudential Financial</u>, 2007 WL 38696 (N.D.WV. 2007)

As set forth in this Order allowing the Plaintiff's Motion to Compel the Defendant's refusal to provide the discovery was without any legal justification, particularly in light of the damages alleged in Defendant's Counterclaim. Defendant has failed to deliver the records for 2013, 2014 despite the fact he had stated to Plaintiff's counsel he would do so and Defendant has failed to provide the 2011, 2012 records when he had filed a Counterclaim bringing the information sought in the interrogatory and the request for production into issue. The undersigned finds there could be no genuine substantial justification for Defendant's refusal to answer the interrogatory or refuse to produce the documents.

The Court has considered whether the circumstances of this case make an award of expenses unjust. The Court has considered the economic impact an award

of expenses would have upon the parties. The Court finds there does not appear to be any evidence of any factor that would make an award of expenses unjust. A review of the filings in this case show that both Plaintiff and Defendant are persons of means and wealth. Defendant has not directed the Court to any circumstance or factor that would make the award of expenses unjust.

In fashioning an appropriate award under Rule 37, the Court of Appeals for the Fourth Circuit has consistently held that a Court should award "only those fees and expenses flowing from the abuse of the discovery process….." Smith v. US Sprint, 1991 WL 62338, *5 (4th Cir. 1994)[1] (*citing* Stillman v. Edmund Scientific Co., 522 F.2d 798, 801 (4th Cir. 1975)).

> When awarding attorney's fees, a court must always assess whether the amount requested by the moving party is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 436-37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The product of these variables is the lodestar figure. See Craig v. Department of Health & Human Services, 864 F.2d 324, 327 (4th Cir. 1989).
>
> In assessing the reasonableness of attorneys' fees, the Court of Appeals for the Fourth Circuit has decreed that a district court's analysis must strictly follow the factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as modified by Hensley v. Eckarhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
>
> The Johnson factors are: (1) the time and labor required to litigate the

---

[1] Due to the limits of electronic case filing, a copy of such unpublished decision is placed in the electronic record through reference to the Westlaw citation.

suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required properly to perform the legal services; (4) the attorney's opportunity costs in pursuing the litigation; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. See Daly v. Hill, 790 F.2d 1071, 1075 n. 2 (4th Cir. 1986).

Coppedge v. Franklin County Board of Education, 345 F.Supp.2d 567 (E.D.N.C. 2004). Also see Robinson v. Equifax Information Servs., LLC, 560 F.3d 235, 243-244 (4th Cir. 2009) Neves v. Neves, 637 F.Supp.2d 322, 340 (W.D.N.C. 2009) The undersigned will direct Plaintiff's counsel to provide such information and Defendant will be given time to respond.

**(b) Subpoena *Duces Tecum* to the law firm and accounting firm**

Rule 45 of the Federal Rules of Civil Procedure provides in part:

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

    **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction---which may include lost earnings and reasonable attorney's fees---on a party or attorney who fails to comply.

    **(2) Command to Produce Materials or Permit Inspection.**
        **(B) Objections**. A person commanded to produce

documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises---or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
**(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.

The subpoenas for the law firm and the accounting firm allowed a reasonable period of time to comply and did not require compliance beyond the geographical limits of Rule 45(c). It does not appear that either the law firm or the accounting firm will be subject to an undue burden in producing the documents requested. The objection by the attorney for the law firm and the accounting firm, who is also the

Defendant, contends the subpoenas as "over reaching, overbroad, and seeks information totally irrelevant to the dispute." (#20-10, p. 3, #20-11, p. 3) The undersigned does not find such to be true. As set forth previously, it appears the documents being sought are either clearly relevant; such as the 2013, 2014 records, and the Court finds the 2011 and 2012 records are in large part relevant because of the damages requested in Defendant's Counterclaim. The undersigned finds the objections do not have merit and will allow the Motion to Enforce Subpoena *Duces Tecum.* (#21)

In regard to the subpoena to the accounting firm, counsel for the firm and counsel for Plaintiff did not raise either 21 U.S.C. § 7216 or N.C.G.S. § 75-28. 28 U.S.C. § 7216 states:

> **(a)  General rule.---**Any person who is engaged in the business of preparing, or providing services in connection with the preparation of, returns of the tax imposed by chapter 1, or any person who for compensation prepares any such return for any other person, and who knowingly or recklessly---
>
> (1)   discloses any information furnished to him for, or in connection with, the preparation of any such return, or
> (2)   uses any such information for any purpose other than to prepare, or assist in preparing, any such return, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.
>
> **(b) Exceptions**.---
>
> (1)   Disclosure.—Subsection (a) shall not apply to a disclosure

of information if such disclosure is made—
      (A)    pursuant to any other provision of this title, or
      (B)    pursuant to an order of a court.

N.C.G.S. § 75-28 states:

**§ 75-28. Unauthorized disclosure of tax information; violation a Class 1 misdemeanor.**

Except in accordance with proper judicial order, or as otherwise provided by law, it shall be unlawful for any person, firm or corporation employed or engaged to prepare, or who or which prepares or undertakes to prepare, for any other person or taxpayer any tax form, report or return, to disclose, divulge or make known in any manner or use for any purpose or in any manner other than in the preparation of such form, report or return, without the express consent of the taxpayer or person for whom the form or return is prepared, the name or address of the taxpayer or such other person, the amount of income, income tax or other taxes, or any other information shown on or included in such form, report or return, or any information which may be or may have been furnished by the taxpayer or such other person to the preparer of such form, report or return or to the person, firm or corporation so employed or engaged.
Nothing in this section shall be construed to prohibit the examination of any person, books, papers, records or other data in accordance with the authority provided in G.S. 105-258.
Any person, firm or corporation, or any officer, agent, clerk, employee, or former officer or employee, of any firm or corporation engaged or formerly engaged in the preparation of tax forms, reports or returns for others, whether acting for himself or as agent for such corporation, who or which shall violate the provisions of this section shall be guilty of a Class 1 misdemeanor.

It is directed that the Order entered herein shall be considered by the accounting firm as an Order of the Court, pursuant to 28 U.S.C. § 7216 and N.C.G.S. § 75-28, that the firm comply with the terms and conditions of the subpoena issued

to it.

## ORDER

**IT IS, THEREFORE**, **ORDERED:**

(1)     The Plaintiff's Motion to Compel (#20) is **ALLOWED** and Defendant is **ORDERED** by April 10, 2015 to answer fully and completely interrogatory #11 (#20-2, p. 8) for the period from August 1, 2011 to the present and provide all documents requested in production of document #10 (#20-2, p. 15) for the period from August 1, 2011 to the present;

(2)     The Plaintiff's motion (#20) seeking attorney fees and expenses is **GRANTED** and **ALLOWED**.  The Plaintiff shall file with the Court on or before April 10, 2015 affidavits or such documents as previously set forth herein which the Plaintiff contends would support the award of fees.  The Defendant shall have fourteen (14) days after the filing to respond in writing;

(3)     It is **ORDERED** that the information in the documents produced, pursuant to this Order are to be held by Plaintiff's counsel. Plaintiff's counsel may show the documents to Plaintiff but is not to provide copies to the Plaintiff.  When the proceedings in this matter have been completed, then the documents shall be returned to Defendant.  Defendant will be allowed to redact from the documents his social security number before providing them to Plaintiff's counsel;

(4)     Plaintiff's Motion to Enforce Subpoena *Duces Tecum* (#21) is

**ALLOWED**. Katherine Barnes, managing partner of the law firm, is **ORDERED** to produce to Plaintiff's counsel, on or before April 10, 2015, all documents set forth in the subpoena. Accompanying the documents shall be an affidavit Ms. Barnes as managing partner, certifying that all documents have been produced. Ms. Barnes may redact from the documents produced Defendant's social security number;

    (5) It is **FURTHER ORDERED** that the managing partner of the accounting firm is to produce all documents set forth in the subpoena to Plaintiff's counsel, on or before April 10, 2015. Accompanying the documents shall be an affidavit of the managing partner, certifying that all documents have been produced. The managing partner may redact from the documents produced Defendant's social security number;

    (6) It is **ORDERED** that the documents produced to Plaintiff's counsel, pursuant to the subpoena *duces tecum*, are subject to a protective order. Counsel for Plaintiff may allow Plaintiff to see the documents but is not to provide a copy of the documents to Plaintiff and shall return the documents to the producing entity at the completion of this litigation.

Signed: April 8, 2015

Dennis L. Howell
United States Magistrate Judge