IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14CV288

| | |
|---|---|
| CATHERINE DIEHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| WILLIAM K. DIEHL, JR., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court pursuant to the Court's April 8, 2015, Order granting Plaintiff's Motion to Compel. (Order, Apr. 8, 2015.) In its prior Order, the Court awarded Plaintiff her attorney's fees and costs associated with bringing the Motion to Compel. The Court directed Plaintiff to file affidavits in order for the Court to determine the appropriate award of attorney's fees and costs. Subsequently, Plaintiff filed an Affidavit of Attorney's Fees and Costs, and Defendant filed a response to the Affidavit objecting to the amount of fees requests by Plaintiff. Upon a review of the record and the relevant legal authority, the Court finds that an award of attorney fees and costs in the amount of **$5,479.19** is reasonable in this case.

## I. Legal Standard

In calculating the amount of attorney's fees to award, the Court first

determines the lodestar figure by multiplying the reasonable number of hours expended by the reasonable hourly rate. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013). In determining what constitutes a reasonable number of hours and a reasonable rate, the Court looks to twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Robinson v. Equifax Info. Serv., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009) (internal citation and quotation omitted). As the United States Court of Appeals for the Fourth Circuit has recognized, the initial determination of the lodestar figure may encompass a number of these twelve factors, and the Court need not consider the factor a second time. Boczar, 560 F.3d at 89. Once the Court determines the lodestar figure, the Court then subtracts fees for hours spent on claims that were not successful. Id. at 88; Robinson, 560 F.3d at 244. "Finally, the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Boczar, 738 F.3d at 88 (internal citation and quotation omitted).

## II. Analysis

In considering the reasonable hours and rates expended by Plaintiff's counsel, the Court has considered the affidavits submitted by counsel. The Court has first considered the hourly rate of the various attorneys who worked on the Motion to Compel. Robert E. Sumner's hourly rate is $ 350.00. Similarly, the hourly rate of Trudy H. Robertson is $350.00. The Court has also considered the affidavit of attorney Andrew S. Culicerto of Charlotte, North Carolina. Mr. Culicerto avers that the hourly rate of $350.00 per hour is a reasonable and customary rate for an attorney involved in a federal litigation in the Charlotte Division for the United States District Court for the Western District of North Carolina. Defendant does not challenge the reasonableness of the hourly rate charged by Plaintiff's counsel. Upon a review of the record, the Court finds that the hourly rate of $350.00 per hour for the services of Plaintiff's counsel in this matter is fair and reasonable.

Plaintiff's counsel was also assisted by Heather Morin, a paralegal, with an hourly rate of $125.00 per hour. Defendant does not raise any objection to the hourly rate of Ms. Morin. The Court finds that the hourly rate of Ms. Morin in the amount of $125.00 is also fair and reasonable.

The Court has examined in detail the time spent upon the Motion to Compel as presented in the Affidavit of Mr. Sumner. When billing time in this case,

Plaintiff's counsel included time spent upon not only the Motion to Compel, but also time spent working on the Motion to Enforce Subpoena Duces Tecum. This Court's prior Order, however, only allowed the fees and expenses incurred for Plaintiff's Motion to Compel. Plaintiff contends that counsel spent an equal amount of time on the Motion to Compel and the Motion to Enforce Subpoena Duces Tecum. The total amount of time spent on both motions by Plaintiff's counsel and Plaintiff's counsel's paralegal was $11,280.00 in fees and $998.37 in expenses. Thus, the total fees and costs incurred were $12,278.37. Plaintiff contends that an assessment of one-half of those costs and expenses, or the sum of $6,139.19, for the work performed in relation to the Motion to Compel is fair and reasonable.

Defendant, however, objects to the inclusion of some of the time spent by Ms. Morin. Defendant contends that purely clerical or secretarial task may not be considered in an award of attorney fees and cites <u>Gregory v. Belfor USA Group, Inc.</u>, Civil Action No. 2:12CV11, 2014 WL 468923 (E.D. Va. Feb. 4, 2014) (unpublished), in support of his contention. An examination of the description of the time spent by Ms. Morin for January 26, 2015, January 30, 2015, February 3, 2015, February 23, 2015, March 2, 2015, and March 13, 2015 leads the Court to find that the work spent on those times and occasions was secretarial in nature. Accordingly, the Court will deduct a total of three (3) hours for those services, resulting in a $375.00 reduction in the total fees and a $187.50 reduction in the fees

sought by Plaintiff.

Defendant also objects to time spent by Plaintiff's counsel on March 2, 2015, for 2.7 hours. Plaintiff describes this work as "work performed concerning the Motion to Enforce Subpoenas." The Court finds that such objection has merit since the Court limited Plaintiff's recovery of fees to work performed on the Motion to Compel. The Court will deduct $472.50 from the award of fees.

The Court finds that the total deduction of $660.00 is appropriate in this case. Thus, one-half of the totals of the fees and costs to be considered is $5,479.19. The Court finds that this is a reasonable amount based on the reasonable hours expended times a reasonable rate. Mr. Sumner was well prepared at the hearing on the Motion to Compel and successfully advocated on behalf of his client. The total time spend preparing the Motion to Compel was reasonable in light of the issues raised, and the amount is consistent with awards in similar cases.

Finally, the Court has considered the twelve factors as set forth by the Fourth Circuit in Robinson and Boczar. In making the lodestar determination, the Court has already considered the time and labor expended, the novelty and difficulty of the questions raised by the Motion to Compel, the skill required to bring a successful Motion to Compel in federal Court, counsel's opportunity costs in pressing the Motion to Compel, the customary fee charged by attorneys practicing in the United States District Court for the Western District of North Carolina, the experience of

counsel, the amount in controversy and the result obtained by the Motion to Compel, and the reputation and ability of the attorneys involved. In addition, the Court now considers the attorney's expectations at the outset of the litigation, the time limits imposed by the client or circumstances, the undesirability of the case within the legal community, the nature and length of the professional relationship between client and attorney, and attorney's fees awarded by the Court in similar cases where it granted motions to compel and awarded fees. Upon consideration of all these factors, the Court finds that an award of $5,479.19 would be fair and reasonable for Plaintiff's success on the Motion to Compel. After considering each of the twelve factors, no additional adjustment to the lodestar calculation is required in this case. Accordingly, the Court **AWARDS** Plaintiff $5,479.19 in fees and costs.

### III. Conclusion

The Court **AWARDS** Plaintiff **$5,479.19** in attorney's fees and costs associated with bringing the Motion to Compel. Defendant shall have thirty (30) days from the entry of this Order to pay Plaintiff the fees and costs awarded.

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge