IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:14-cv-00288-MR-DLH

| | |
|---|---|
| CATHERINE DIEHL, ) )  Plaintiff, ) ) vs. ) ) ) WILLIAM K. DIEHL, JR., ) ) Defendant. ) _____ ) | O R D E R |

**THIS MATTER** is before the Court on the parties' Joint Motion to Seal [Doc. 80].

In their motion, the parties move for leave to file their Joint Memorandum of Settlement under seal. For grounds, the parties state that the Memorandum contains personal financial information of the parties. [Doc. 80].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be

rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motion. The parties filed their motion on December 11, 2015, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the document at issue contains personal financial information, and that the public's right of access to such information

is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of this document is narrowly tailored to serve the interest of protecting the confidentiality of the information contained therein.

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion to Seal [Doc. 80] is **GRANTED**, and the parties' Joint Memorandum of Settlement shall remain under seal pending further Order of the Court.

**IT IS SO ORDERED.**

Signed: December 18, 2015

Martin Reidinger
United States District Judge